Filed 10/27/14  P. v. Cumplido CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B252993 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA100414) |
| v. | |
| ANGEL JAMES CUMPLIDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Affirmed.

Jerry Smilowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# FACTUAL AND PROCEDURAL BACKGROUND

Defendant Angel James Cumplido rode his bicycle up to Nicolai Bautista, who was walking home from high school. Cumplido asked Bautista for some cigarettes and a lighter. When Bautista replied he did not have any, Cumplido produced a knife, placed it against Bautista's chest, and demanded that he empty his pockets and surrender his cell phone. Bautista grabbed the knife, and a struggle ensued, during which Bautista was stabbed. Bautista shouted for help, and Cumplido rode away on his bicycle. A responding police officer later saw Cumplido riding his bicycle and ordered him to stop. Cumplido fled on foot.

The People charged Cumplido in an information with attempted second degree robbery (Pen. Code, §§ 211, 664),[1] assault with a deadly weapon (§ 245, subd. (a)(1)), a felony, and resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1)). As to the robbery and assault counts, the People alleged that Cumplido had personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) and had personally inflicted great bodily injury (§ 12022.7, subd. (a)). Cumplido pleaded not guilty and denied the special allegations.

Prior to trial, the trial court denied Cumplido's motion pursuant to section 995 to dismiss the great bodily injury allegation. Before the case was submitted to the jury, the court granted the People's motion to dismiss the allegation only as to the aggravated assault count. A jury convicted Cumplido on all counts and found true the deadly weapon enhancement. The jury found not true the great bodily injury enhancement with respect to the attempted robbery count.

Over the prosecutor's objection, the trial court granted counsel for Cumplido's request for a 90-day diagnostic study. (See § 1203.03). According to the diagnostic study report, Cumplido was "an unsuitable candidate for probation." At the sentencing

---

[1] All statutory references are to the Penal Code.

hearing, the court stated it had reviewed and considered the diagnostic study report, the probation officer's report, and the parties' sentencing memoranda. The court sentenced Cumplido to an aggregate state prison term of three years and a consecutive term of six months in county jail comprised of the middle term of two years for attempted robbery, plus one year for the deadly weapon enhancement, and a consecutive term of six months in county jail for resisting, obstructing, or delaying a peace officer. The court stayed the sentence on the aggravated assault count pursuant to section 654. The court awarded Cumplido presentence custody credit of 666 days and imposed statutory fees, fines, and assessments.

## DISCUSSION

We appointed counsel to represent Cumplido on appeal. After examining the record, counsel filed an opening brief raising no issues. On July 7, 2014 we advised Cumplido that he had 30 days to submit any contentions or issues he wished us to consider. We have not received a response.[2]

We have examined the entire record and are satisfied that Cumplido's attorney on appeal has fully complied with the responsibilities of counsel and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[2]     On July 16, 2014 we learned from appellate counsel that Cumplido had been granted early release from custody and that the transcripts he had forwarded to Cumplido had been returned as undeliverable. On July 25, 2014 we received our July 7, 2014 letter returned and marked unable to forward. Our second attempt to notify Cumplido on September 5, 2014 was similarly unsuccessful.

3

**DISPOSITION**

The judgment is affirmed.

SEGAL. J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4